## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | |
|---|---|
| **JAIME AISPURO** <br>     **FED. REG. NO. 07030-028** <br> **VS.** <br><br> **FEDERAL BUREAU OF PRISONS,** <br> **ET AL.** | **CIVIL ACTION NO. 08-1011** <br><br> **SECTION P** <br><br> **JUDGE MELANÇON** <br> **MAGISTRATE JUDGE METHVIN** |

### REPORT AND RECOMMENDATION

     On July 10, 2008, *pro se* plaintiff Jaime Aispuro, proceeding *in forma pauperis*[1] filed a civil action seeking relief under the Federal Tort Claims Act (FTCA)[2] and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[3] Plaintiff is an inmate in the custody of the Federal Bureau of Prisons (BOP); he is incarcerated at the Federal Correctional Institute, Fort Dix, New Jersey but complains of events that occurred when he was housed at the Federal Correctional Institute, Oakdale (FCIO). Plaintiff seeks judgment against the BOP in the amount of $1,000,342.95 for negligence in the claim asserted under the FTCA. [rec. doc. 1, Count I, pp. 2-10]. He sues FCIO

---

[1] Plaintiff has been allowed to proceed *in forma pauperis* and therefore his FTCA and *Bivens* claims are subject to review pursuant to 28 U.S.C. §1915. A district court may dismiss claims *sua sponte* under § 1915 where it is clear from a review of the complaint that the alleged claims are barred by the applicable statute of limitations. See *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir.1994), citing *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir.1993); see also *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir.1992) ("Although the statute of limitations is an affirmative defense, a district court may properly dismiss a complaint under 28 U.S.C. § 1915(d) when it is apparent that the statute of limitations has run.") (citations omitted).

[2] See 28 U.S.C. §§ 2671-80. The FTCA "authorizes private tort actions against the United States 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *United States v. Olson*, 546 U.S. 43, 44, 126 S.Ct. 510, 163 L.Ed.2d 306 (2005) (quoting 28 U.S.C. § 1346(b)(1))

[3] In *Bivens*, the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 USC § 1983. It appears that all of the defendants are agents or employees of the federal government.

employees – Lieutenant J. Blaze, Case Manager Ms. Gillary, Correctional Counselor Ms. Cole, and an unnamed Captain – pursuant to *Bivens* seeking the same amount of damages for their deliberate indifference, reckless disregard or intentional conduct with regard to the incidents of May 30, 2006. [rec. doc. 1, Count II, pp. 10-12].

This matter has been referred to the undersigned for review, report and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### *Background Facts*

Plaintiff complains that on May 30, 2006, when he was incarcerated at FCIO, he was attacked by his fellow inmates. More specifically, he states that on May 8 or 9, 2006, he spoke to defendant Cole about threats being made to him by other inmates. Defendant Cole sent plaintiff to speak to defendant Blaze, who arranged to have plaintiff placed in the Special Housing Unit (SHU). He remained in the SHU for approximately three weeks. Defendant Blaze then informed plaintiff that he (Blaze) had questioned gang leaders in the SHU on three occasions and that the leaders assured him that they had no problem with plaintiff. Blaze also informed plaintiff that he had talked with other gang leaders at Food Service and they, too, assured Blaze that there was not a problem with plaintiff. As defendant Blaze's discussions with the gang leaders revealed no problem between plaintiff and the gangs, plaintiff was told that he would be returned to the general population. Plaintiff states that he was still fearful for his life at that time. Plaintiff asked that defendant Blaze and the unidentified defendant captain see him before he was released. Plaintiff states that neither the captain or Blaze did so. Plaintiff was released from the SHU on May 30, 2006, and was attacked by 12 to 15 inmates within hours of his release. He was returned to the SHU following the attack. Defendant Blaze as well as other

staff members asked plaintiff who attacked him but plaintiff refused to identify the parties involved as he feared that the staff could not ensure his safety. Blaze even apologized to plaintiff, stating that he would have "bet a thousand dollars that they (the gang members) weren't going to do anything." [rec. doc. 1, p. 5].

Plaintiff also claims that at the same time he was attacked, his storage locker was broken into and various items of his personal property were stolen.

Plaintiff states that he spent some five months in the SHU at FCIO and was then moved to a Federal Detention Center in Pennsylvania. He remained there for approximately three weeks and before being moved to Fort Dix on October 20, 2006.

On March 20, 2009, the undersigned completed an initial review of plaintiff's claims and, finding the complaint deficient, filed a Memorandum Order directing the plaintiff to amend his complaint. On April 27, 2009, plaintiff responded to the Memorandum Order.

### *Law and Analysis*

#### *Limitations – Bivens Claim*

As explained to plaintiff in the amend order, there is no federal statute of limitations for *Bivens* claims, therefore federal courts apply the general personal injury limitations period and tolling provisions of the forum state. *Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir.1999); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir.1993); see also, *Izen v. Catalina*, 398 F.3d 363, 367 n. 3 (5th Cir.2005). In Louisiana, where plaintiff's claims arose, the applicable prescriptive period is one year. *Harris v. Hegmann*, 198 F.3d 153, 158 (5th Cir. 1999); La. Civ.Code Ann. art. 3492 (West 2000). Federal law determines when a *Bivens* claim accrues. *Id.*, at p. 157 (5th Cir.1999) (§ 1983 action); *United Klans of America v. McGovern*, 621 F.2d 152,

153 n. 1 (5th Cir.1980). "Under federal law, a cause of action accrues the moment the plaintiff knows or has reason to know of the injury," *Helton v. Clements*, 832 F.2d 332, 334 (5th Cir.1987), or when "the plaintiff is in possession of the 'critical facts' that he has been hurt and the defendant is involved." *Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir.1988) (quoting *Lavellee v. Listi*, 611 F.2d 1129, 1131 (5th Cir.1980)). Federal courts borrow tolling provisions from state law. See *Gaspard v. United States.*, 713 F.2d 1097, 1102-03 n. 11 (5th Cir.1983), *cert. denied*, 466 U.S. 975 (1984).

Plaintiff's *Bivens* cause of action accrued on May 30, 2006 – the date he claims that he was attacked by his fellow inmates, and the date his personal property was misappropriated. [see rec. doc. 1, ¶13 and 19]. Plaintiff therefore had one-year, or until May 30, 2007 to file his *Bivens* claim against the FCIO personnel. The statute of limitations is tolled while a prisoner fulfills the administrative remedies exhaustion requirement of 42 U.S.C. § 1997e. See *Wright v. Hollingsworth*, 260 F.3d 357, 359 (5th Cir.2001) (citing *Harris v. Hegmann*, 198 F.3d at 158 ("Harris could not file this federal civil rights suit until he exhausted the available state administrative remedies, as section 1997e requires. This exhaustion requirement functioned as a 'legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action.'")

The record herein demonstrates that plaintiff exhausted the administrative requirements of the FTCA, however, he did not commence the FTCA exhaustion process until June 20, 2007. [rec. doc. 1, Exhibit B, p. 16 at Entry No. 14; see also rec. doc. 1, ¶ 35]. Plaintiff cannot rely on the FTCA exhaustion process to toll the one-year *Bivens* limitation period since by the time he commenced that process the 1-year limitations on his *Bivens* claim had already expired.

Plaintiff's original pleadings and exhibit did not establish whether plaintiff availed himself of the BOP administrative remedies grievance procedure[4] with regard to his *Bivens* claims. Plaintiff was informed in the amend order that if he timely pursued those administrative remedies, he may be entitled to toll limitations, otherwise, it appeared that his *Bivens* complaint would be time-barred and subject to dismissal on initial review. Thus, the court ordered plaintiff to amend his complaint to provide documentary evidence[5] and argument to establish that his *Bivens* claim was timely or that he was entitled to statutory or equitable tolling. Plaintiff's amended complaint failed to do so. In fact, plaintiff concedes that he did not exhaust his administrative remedies. "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." Schipke, 239 Fed. Appx. at 86 (quoting Fuller v. Rich, 11 F.3d 61, 62 (5th Cir.1994)). The Fifth Circuit has taken the position that exceptions to the exhaustion requirement only apply in "extraordinary circumstances," and the prisoner bears the burden of demonstrating the futility or unavailability of administrative review. Id.

In his amended complaint, plaintiff claims that he did not have access or the ability to begin the administrative remedy process until January 7, 2008, a year after he arrived at Fort Dix,

---

[4] The BOP provides a 3-step administrative procedure for inmates who seek formal review of their complaints. See 28 U.S.C. §§ 542.10-542.19. BOP Program Statement (PS) 1330.13, Administrative Remedy Program, outlines the procedure and provides detailed guidance regarding the procedures to be employed. Prisoners may first "seek informal review of an issue which relates to any aspect of [their] confinement." 28 C.F.R. § 542.10. If unsuccessful, prisoners must thereafter utilize the formal procedures which involve the filing of a BP-9 (to the Warden), BP-10 (to the appropriate BOP Regional Office), and BP-11 (BOP National Inmate Appeals) form. *Id. §§ 542.13*, 542.14, 542.15, 542.18.

[5] Plaintiff was asked to provide copies of the administrative remedies procedure grievances (BP-9, BP-10, and BP-11) associated with these claims along with the responses of the Warden, Regional Director, and National Director.

and the date that his June 20, 2007, administrative claim based on his alleged loss of property was denied. Plaintiff's arguments in that regard are completely untenable. Giving plaintiff the benefit of every doubt and assuming that he actually wasn't able to pursue his claim until his January 2007 arrival at Fort Dix, he still failed to pursue his BOP administrative remedies in order to timely toll the limitations period on his *Bivins* claim. Plaintiff has certainly not demonstrated that exhaustion would have been futile or that administrative remedies were unavailable or inappropriate. In fact, the argument put forth by him in this regard is his unsupported allegation that the BOP would have ignored the request, thus pursuing the remedies would have been futile. Plaintiff has wholly failed to establish that he is entitled to toll the limitations period for his *Bivens* claims, and thus those claims are time-barred and should be dismissed with prejudice.

## *FTCA Claims*

Citing *Edwards v. Johnson*, 209 F.3d 772 , 776 (5th Cir. 2000) and *Ojo v. INS*, 106 F.3d 680, The FTCA provides a limited waiver of federal sovereign immunity and allows the United States to "be liable [ ... ]in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Liability is determined "in accordance with the law of the place where the act or omission occured." 28 U.S.C. § 1346(b)(1). Furthermore, the FTCA is the exclusive remedy available to claimants for "injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government." 28 U.S.C. § 2679.

It is well-settled that all suits brought under the FTCA must be brought against the United States. See McGuire v. Turnbo, 137 F.3d 321, 324 (5th Cir.1998)("To sue successfully under the

FTCA, a plaintiff must name the United States as the sole defendant"); Atorie Air Inc. v. F.A.A. of U.S. Dept. of Transp., 942 F.2d 954, 957 (5th Cir.1991) ("All suits brought under the FTCA must be brought against the United States."); Galvin v. Occupational Safety & Health Admin., 860 F.2d 181, 183 (5th Cir.1988) ("It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit.... Thus, an FTCA claim against a federal agency ... as opposed to the United States itself must be dismissed for want of jurisdiction."). In this case, Plaintiff did not name the United States as a defendant. As a result, the Court lacks the requisite subject matter jurisdiction to decide this matter.

Even if plaintiff had named the United States as the defendant, plaintiff's FTCA claim would still fail. Plaintiff's complaint merely states that his storage locker was being broken into and personal property being stolen at the same time as the beating in the recreation yard. Plaintiff does not allege and there is no evidence that the named defendants (or any FCIO staff) took anything from plaintiff's locker. In this regard, the Regional Counsel's response to plaintiff's administrative claim concerning the property stated:

> On May 30, 2006, when unit staff went to secure your personal property following your placement in SHU, staff discovered your locker was unsecured. Inmates are required to store their property in a secured locker at all times, staff are no responsible for items of personal property left unsecured by inmates. An investigation could not establish that you experienced a ...loss of property due to a negligent act or omission of a Federal Bureau of Prisons employee acting within the scope of his or her office or employment. [rec. doc. 1, Exhibit "C"].

For the above reasons, plaintiff's claimS under the FTCA should be dismissed.

THEREFORE, IT IS RECOMMENDED that plaintiff's *Bivens* claims be dismissed with prejudice as time-barred.

IT IS FURTHER RECOMMENDED that plaintiff's FTCA claims be dismissed with prejudice for lack of subject matter jurisdiction under the Federal Tort Claims Act. 28 U.S.C. § 1346(b)(1), § 2680, or in the alternative, because plaintiff has failed to state a cognizable claim under the Federal Tort Claims Act.

Under the provisions of 28 U.S.C. Section 636(b)(1)(c) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir.1996).

Signed at Lafayette, Louisiana, on July 8, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)